IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 3:14-cv-00569 |
| Plaintiff, | |
| | **COMPLAINT** |
| v. | |
| GREENHOUSE ENTERPRISE, INC. D/B/A SUSHI AT THE LAKE, | **JURY TRIAL DEMAND** |
| Defendant. | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Matthew Botello ("Botello") who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Greenhouse Enterprise, Inc. d/b/a Sushi at the Lake ("Defendant"), failed to hire Botello for employment because of his disability, in violation of the ADA.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina, Charlotte Division.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a North Carolina corporation, has continuously been doing business in the State of North Carolina and the town of Cornelius, and has continuously has at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Botello filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. As more fully described below, on or about October 11, 2013, Defendant engaged in unlawful employment practices at its restaurant in Cornelius, North Carolina, in violation of

Section 102 of Title I of the ADA, 42 U.S.C. 42. U.S.C. § 12112, when it failed to hire Botello because of an actual or perceived disability.

9. In or around November 2010, Botello's left arm was amputated above the elbow. As a consequence of this physical impairment, Botello is unable to perform manual tasks with his left arm. Botello's physical impairment substantially limits him in the major life activity of performing manual tasks. Botello's physical impairment also substantially limits the proper function of his musculoskeletal system.

10. On or about October 4, 2013, Botello applied for a position as a busboy (or "busser") at Defendant's restaurant in Cornelius, North Carolina. At the time of his application, Botello successfully worked as an expediter at another restaurant, a job that included busser duties. At all relevant times Botello could perform the essential functions of the busser position that he sought with Defendant with or without a reasonable accommodation.

11. On or about October 10, 2013, a person employed by Defendant called Botello and asked Botello to report for work the following day at 4:00 p.m. Defendant's Owner ("Owner") did not previously meet or interview Botello when Botello put in his application with Defendant.

12. On or about October 11, 2013, Botello reported to Defendant's restaurant at approximately 4:00 p.m. Shortly after Botello arrived, Owner came into the area where Botello was and saw that Botello's left arm was amputated above the elbow. Owner gestured at Botello's left side and told Botello that he could not bus tables because he has only one arm.

13. Botello assured Owner that he could perform the job, noting that he bused tables at another restaurant. Botello also offered to purchase a small cart at his own expense to address Owner's concerns. Despite Botello's assurance that he could do the job with or without an accommodation, Owner refused to hire Botello.

14. Defendant failed to hire Botello as a busser because of his arm amputation.

15. In the alternative, Defendant failed to hire Botello because he perceived Botello as having a disability within the meaning of the ADA. Specifically, Defendant refused to hire Botello as a busser based on Defendant's erroneous belief that Botello could not perform the busser job duties because of his arm amputation.

16. The effect of the practices complained of above has been to deprive Botello of equal employment opportunities and otherwise adversely affect his status as an applicant, because of an actual or perceived disability.

17. The unlawful employment practices complained of above were intentional.

18. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Botello.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against individuals because of their disabilities, including discrimination in hiring, firing, failing to provide reasonable accommodation to qualified individuals with disabilities, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities or persons regarded as disabled, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Botello whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring or front pay in lieu thereof.

D. Order Defendant to make Botello whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices as described above, in amounts to be determined at trial.

E. Order Defendant to make Botello whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Botello punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this the 14th day of October, 2014.

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION

        P. DAVID LOPEZ
        General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NE
Washington, D.C. 20507

s/ Lynette A. Barnes
LYNETTE A. BARNES (N.C. Bar No. 19732)
Regional Attorney

YLDA KOPKA
Supervisory Trial Attorney

s/ Yolanda W. Brock
YOLANDA W. BROCK (N.C. Bar No. 36651)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 W. Trade St., Suite 400
Charlotte, NC 28202
Tel: (704) 954-6463
Fax: (704) 954-6412

**ATTORNEYS FOR PLAINTIFF**