**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-569-RJC-DCK**

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GREENHOUSE ENTERPRISE, INC. ) <br> d/b/a SUSHI AT THE LAKE ) <br> ) <br> Defendant/Third-Party ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NGM INSURANCE COMPANY d/b/a ) <br> MAIN STREET AMERICA ) <br> ASSURANCE COMPANY, ) <br> ) <br> Third-Party Defendant. ) <br> _____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Third-Party Defendant NGM Insurance Company d/b/a Main Street America Assurance Company's ("MSA") Motion for Summary Judgment, (Doc. No. 23), and following the entry of the Consent Decree between Plaintiff Equal Employment Opportunity Commission ("EEOC") and Defendant/Third-Party Plaintiff Greenhouse Enterprise, Inc. d/b/a Sushi at the Lake ("Greenhouse"), (Doc. No. 39). The main cause of action in the present case having been settled, the Court must now decide whether to retain jurisdiction over Greenhouse's Third-Party Complaint under the doctrine of supplemental jurisdiction. For the reasons that follow, the Court will decline to exercise its discretion to retain such jurisdiction.

## I. BACKGROUND

The EEOC instituted this action by filing a complaint against Greenhouse on October 14, 2014. (Doc. No. 1). The EEOC's Complaint alleged that Greenhouse had discriminated against Matthew Botello by failing to hire him because of his disability in violation of federal law. On April 7, 2015, Greenhouse filed its Answer to the EEOC's Complaint, (Doc. No. 10), as well as a Third-Party Complaint against MSA, (Doc. No. 11). MSA filed its Motion for Summary Judgment as to Greenhouse's Third-Party Complaint on October 9, 2015. (Doc. No. 23). Subsequently, the EEOC and Greenhouse reached a settlement, and a Consent Decree was entered on March 29, 2016. (Doc. No. 39). The Consent Decree resolved all matters in controversy between the EEOC and Greenhouse, thereby dispensing with all the federal claims in this matter. Therefore, Greenhouse's Third-Party Complaint, which contains only state law claims, is all that remains to be litigated in this case.

## II. DISCUSSION

Although neither party has challenged the Court's jurisdiction, "[i]nsofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and the court is not bound by the acts or pleadings of the parties." Tafoya v. U.S. Dep't of Justice, Law Enf't Assistance Admin., 748 F.2d 1389, 1390 (10th Cir. 1984). As 28 U.S.C. § 1332 provides, diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." "[P]laintiffs must affirmatively plead the jurisdiction of the federal court," Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985), which in diversity cases requires the plaintiff to allege that the parties are of diverse citizenship and that the amount in controversy exceeds the sum of $75,000,

exclusive of interest and costs, Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 200 (4th Cir. 2008). When deciding whether the amount in controversy is adequate, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938).

The doctrine of supplemental jurisdiction is governed by 28 U.S.C. § 1367, which provides that if the district court has jurisdiction over one claim, it can maintain jurisdiction over claims that lack an independent basis of jurisdiction when those claims "are so related to claims in the action within [the district court's jurisdiction] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Supplemental jurisdiction also encompasses claims involving "the joinder or intervention of additional parties," i.e., ancillary jurisdiction. Id. Ancillary jurisdiction, however, involves joining parties on claims over which the federal court has no independent basis of jurisdiction. Therefore, it is a more intrusive assumption of power by the federal courts over the province of the states, and consequently, ancillary jurisdiction must be exercised with caution. See W.R. Grace & Co. v. Cont'l Cas. Co., 896 F.2d 865, 871 (5th Cir. 1990).

Under 28 U.S.C. § 1367, "federal courts generally have discretion to retain or dismiss state law claims when the federal basis for an action drops away." Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995). The district courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Id. at 110. However, where the main federal action has been settled or dismissed prior to trial, the Supreme Court has cautioned federal courts against retaining jurisdiction over the non-jurisdictionally sound claims, absent concerns of judicial economy, convenience, and/or fairness to litigants. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). In

interpreting Gibbs on this issue, the Fifth Circuit has opined:

> Where the main federal action has been settled prior to trial, considerations of judicial efficiency and economy can no longer justify the continued exercise of federal jurisdiction over ancillary state-law claims; and considerations of comity and federalism militate in favor of dismissal. However, we recognize that a federal court may retain and adjudicate ancillary state-law claims after a pretrial settlement of the main federal action if a dismissal would unduly prejudice the parties. For example, if the applicable statute of limitations has run during the pendency of the state claim in federal court, a dismissal might deprive the parties of any forum. In such a case, a federal court would be justified in retaining jurisdiction over the ancillary state-law claims. Similarly, if litigation over the ancillary claims has proceeded apace and the parties have already prepared their case in reliance upon the availability of a federal forum, dismissal might not be required. However, "when no extensive proceedings on the ancillary claim have begun in federal court, the trial court should dismiss the ancillary claims."

Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1043 (5th Cir. 1982) (citations omitted).

Here, Greenhouse's Third-Party Complaint asserts only ancillary state law claims against MSA, and it alleges that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as well as diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. No. 11 ¶¶ 3–4). Although the Third-Party Complaint alleges the diverse citizenship of both Greenhouse and MSA, however, it fails to allege that the amount in controversy exceeds the sum or value of $75,000. (Id. ¶¶ 5–6). In fact, the only amounts contained in the Third-Party Complaint are the sum certain of $5,500.00 that Greenhouse has incurred to investigate and defend against the EEOC's Complaint and the amounts found in Greenhouse's claims, in which Greenhouse states it is entitled to recover "an amount to be determined at the trial of this matter, but in no event less than $10,000.00." (Id. ¶¶ 7, 30, 31, 37).

The Court finds that Greenhouse has failed to plead that the amount in controversy exceeds the sum of $75,000 and that Greenhouse's claims for monetary damages fall far short of the jurisdictional amount. Furthermore, in light of the Consent Decree which required

Greenhouse to pay $12,500.00 in settlement of the claims raised by the EEOC in the underlying action, (Doc. No. 39 at 2–3), it appears "to a legal certainty that the claim is really for less than the jurisdictional amount," St. Paul Mercury Indem. Co., 303 U.S. at 289. Consequently, the Court finds that it lacks independent subject-matter jurisdiction over Greenhouse's Third-Party Complaint.

In the absence of subject-matter jurisdiction, the Court may only retain jurisdiction over the Third-Party Complaint by exercising supplemental jurisdiction. Because this case is at the summary judgment stage, the Court finds no overriding interest of judicial economy or convenience that justifies the continued exercise of federal jurisdiction over the ancillary state law claims. Greenhouse will suffer no prejudice in re-filing its Third-Party Complaint in state court since the statute of limitations has been tolled by 28 U.S.C. § 1367(d).[1] Consequently, the Court finds that there is no apparent unfairness to the parties in dismissal without prejudice of the state law claims. In exercise of its discretion under 28 U.S.C. § 1367, therefore, the Court will decline to continue to exercise supplemental jurisdiction over Greenhouse's Third-Party Complaint. Because all federal claims over which the Court had original jurisdiction have been settled, the Court will **dismiss** Greenhouse's Third-Party Complaint without prejudice.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Greenhouse's Third-Party Complaint, (Doc. No. 11), is **DISMISSED without prejudice**.

---

[1] The Court also notes that, even in the absence of tolling, the statute of limitations on the state law claims has not expired. See N.C. Gen. Stat. § 1-52 (setting forth the causes of action subject to a three-year statute of limitations).

2. MSA's Motion for Summary Judgment, (Doc. No. 23), is **DISMISSED as moot**.

3. The Clerk of Court is directed to close this case.

Signed: April 11, 2016

Robert J. Conrad, Jr.
United States District Judge